

IN THE CIRCUIT COURT OF HARRISON COUNTY, MISSISSIPPI
FIRST JUDICIAL DISTRICT

TAMMY R. McMASTER                                              PLAINTIFF

VS.                                              CAUSE NO: A2401-2020-532

SAM'S EAST, INC.                                              DEFENDANT

**FILED DEC 23 2020** *CONNIE LADNER CIRCUIT CLERK* BY: _____ D.C.

## COMPLAINT

NOW COMES, Plaintiff, Tammy R. McMaster, who files this complaint against the Defendant, Sam's East, Inc., ("Sam's") and would show the following:

1.

The Plaintiff, Tammy R. McMaster, is a resident of Stone County, State of Mississippi.

2.

The Defendant, Sam's, is a foreign corporation doing business in the State of Mississippi who may be served pursuant to the Mississippi Rules of Civil Procedure through their registered agent, C.T. Corporation System, located at 645 Lakeland Drive East, Suite 101, Flowood, MS 39232.

3.

This cause of action occurred or accrued in the First Judicial District of Harrison County, Mississippi; and pursuant to the provisions Miss. Code Ann. §11-11-3, as amended, venue is proper in this Court.

4.

That on or about May 23, 2020, and at all times hereinafter mentioned, Plaintiff, Tammy R. McMaster, was a business invitee at Sam's located at 10431 Old Highway 49, in Gulfport, Mississippi.

5.

While shopping, Plaintiff, Tammy R. McMaster, slipped on pieces of food located near the registers at Sam's premises which resulted in serious injuries and damages.

6.

The incident was caused by the negligence of Defendant, in the following, non-exclusive ways:

a.   In operating the business in an improper, unsafe, and negligent manner;

b.   In failing to warn the Plaintiff of a hidden danger;

c.   In failing to safely demarcate a danger in which they were aware of, or should have been aware of;

d.   In failing to remove the danger in a timely manner;

e.   By failing to see what should have been seen;

f.   In violating the duties owed to a business invitee;

g.   In violating industry standards and building codes;

h.   In violating company policies and procedures;

i.   In violating the Revised Statutes of the State of Mississippi, all of which are pled as if copied herein in extenso; and

j.   All other acts of negligence which were the cause of the incident sued upon and will be shown at the trial of this matter.

7.

That as a result of the fall, Plaintiff, Debra Luffred, has sustained serious injuries, to her left leg / knee, which resulted in surgery.

8.

As a result thereto, Plaintiff, Tammy R. McMaster, has suffered these damages: bills for medical treatment, past and future; physical pain and suffering including loss

2

of enjoyment of life and household services, past and future; mental and emotional distress, past and future; loss of wage and earning capacity, past and future; permanent scarring and disfigurement, and permanent impairment and disability.

9.

Plaintiff shows that she is entitled to a trial by jury on all issues raised herein, and prays for a trial by jury on all issues raised herein.

**WHEREFORE,** your Plaintiff, Tammy R. McMaster, prays that Defendant, Sam's East, Inc., be served with a copy of this Complaint, and after being duly cited to appear and answer hereto, and after the expiration of all legal delays and due proceedings are had, that there be judgment rendered herein in favor of Plaintiff, and against Defendant, as alleged, together with legal interest and for all costs of these proceedings to be taxed as costs of court, and for all legal and equitable relief this honorable court shall deem appropriate.  Further, a **TRIAL BY JURY** is requested on all issues raised herein.

**RESPECTFULLY SUBMITTED**, this the 22 day of December, 2020.

ATTORNEYS FOR THE PLAINTIFF
MORRIS BART, LTD.
1712 15TH STREET, SUITE 300
GULFPORT, MS
TEL:  (228) 276-0307
FAX:  (866) 354-9707
EMAIL:  SBISHOP@MORRISBART.COM

BY: _____
M. SCOTT BISHOP, MS BAR # 102699

# COVER SHEET
## Civil Case Filing Form
*(To be completed by Attorney/Party Prior to Filing of Pleading)*

Mississippi Supreme Court **Form AOC/01**
Administrative Office of Courts **(Rev 2020)**

| Court Identification Docket # | Case Year | Docket Number |
|---|---|---|
| 2 4 1   C I | 2 0 2 0 | 0 0 5 3 2 |
| County # | Judicial District | Court ID (CH, CI, CO) | | Local Docket ID |

| Month | Date | Year |
|---|---|---|
| 1 2 | 2 3 | 2 0 |

*LPD*

This area to be completed by clerk

Case Number if filed prior to 1/1/94

In the **CIRCUIT**   Court of **HARRISON**   County — **FIRST** Judicial District

## Origin of Suit (Place an "X" in one box only)
[X] Initial Filing   [ ] Reinstated   [ ] Foreign Judgment Enrolled   [ ] Transfer from Other court   [ ] Other
[ ] Remanded   [ ] Reopened   [ ] Joining Suit/Action   [ ] Appeal

## Plaintiff - Party(ies) Initially Bringing Suit Should be Entered First - Enter Additional Plaintiffs on Separate Form

**Individual** McMaster   Tammy   R.
Last Name | First Name | Maiden Name, if applicable | M.I. | Jr/Sr/III/IV

___ Check ( x ) if Individual Plaintiff is acting in capacity as Executor(trix) or Administrator(trix) of an Estate, and enter style: Estate of ___

___ Check ( x ) if Individual Plaintiff is acting in capacity as Business Owner/Operator (d/b/a) or State Agency, and enter entity D/B/A or Agency ___

**Business**
Enter legal name of business, corporation, partnership, agency - If Corporation, indicate the state where incorporated

___ Check ( x ) if Business Plaintiff is filing suit in the name of an entity other than the above, and enter below: D/B/A ___

**Address of Plaintiff** 1326 Big Four Road   Wiggins, MS 39577

**Attorney (Name & Address)** M. Scott Bishop - Morris Bart, LTD 1712 15th St., Ste 300 Gulfport, MS 39501   **MS Bar No.** 102699

___ Check ( x ) if Individual Filing Initial Pleading is NOT an attorney
Signature of Individual Filing ___

## Defendant - Name of Defendant - Enter Additional Defendants on Separate Form

**Individual**
Last Name | First Name | Maiden Name, if applicable | M.I. | Jr/Sr/III/IV

___ Check ( x ) if Individual Defendant is acting in capacity as Executor(trix) or Administrator(trix) of an Estate, and enter style: Estate of ___

___ Check ( x ) if Individual Defendant is acting in capacity as Business Owner/Operator (d/b/a) or State Agency, and enter entity: D/B/A or Agency ___

**Business** Sam's East, Inc. - 708 SW 8th Street, Bentonville, AR 72716
Enter legal name of business, corporation, partnership, agency - If Corporation, indicate the state where incorporated

___ Check ( x ) if Business Defendant is acting in the name of an entity other than the above, and enter below: D/B/A ___

**Attorney (Name & Address) - If Known**   **MS Bar No.**

___ Check ( x ) if child support is contemplated as an issue in this suit.*
*If checked, please submit completed Child Support Information Sheet with this Cover Sheet

## Nature of Suit (Place an "X" in one box only)

**Domestic Relations**
[ ] Child Custody/Visitation
[ ] Child Support
[ ] Contempt
[ ] Divorce:Fault
[ ] Divorce: Irreconcilable Diff.
[ ] Domestic Abuse
[ ] Emancipation
[ ] Modification
[ ] Paternity
[ ] Property Division
[ ] Separate Maintenance
[ ] Term. of Parental Rights-Chancery
[ ] UIFSA (eff 7/1/97; formerly URESA)
[ ] Other

**Appeals**
[ ] Administrative Agency
[ ] County Court
[ ] Hardship Petition (Driver License)
[ ] Justice Court
[ ] MS Dept Employment Security
[ ] Municipal Court
[ ] Other

**Business/Commercial**
[ ] Accounting (Business)
[ ] Business Dissolution
[ ] Debt Collection
[ ] Employment
[ ] Foreign Judgment
[ ] Garnishment
[ ] Replevin
[ ] Other

**Probate**
[ ] Accounting (Probate)
[ ] Birth Certificate Correction
[ ] Mental Health Commitment
[ ] Conservatorship
[ ] Guardianship
[ ] Joint Conservatorship & Guardianship
[ ] Heirship
[ ] Intestate Estate
[ ] Minor's Settlement
[ ] Muniment of Title
[ ] Name Change
[ ] Testate Estate
[ ] Will Contest
[ ] Alcohol/Drug Commitment (Involuntary)

[ ] Alcohol/Drug Commitment (Voluntary)
[ ] Other

**Children/Minors - Non-Domestic**
[ ] Adoption - Contested
[ ] Adoption - Uncontested
[ ] Consent to Abortion
[ ] Minor Removal of Minority
[ ] Other

**Civil Rights**
[ ] Elections
[ ] Expungement
[ ] Habeas Corpus
[ ] Post Conviction Relief/Prisoner
[ ] Other

**Contract**
[ ] Breach of Contract
[ ] Installment Contract
[ ] Insurance
[ ] Specific Performance
[ ] Other

**Statutes/Rules**
[ ] Bond Validation
[ ] Civil Forfeiture
[ ] Declaratory Judgment
[ ] Injunction or Restraining Order
[ ] Other

**Real Property**
[ ] Adverse Possession
[ ] Ejectment
[ ] Eminent Domain
[ ] Eviction
[ ] Judicial Foreclosure
[ ] Lien Assertion
[ ] Partition
[ ] Tax Sale: Confirm/Cancel
[ ] Title Boundary or Easement
[ ] Other

**Torts**
[ ] Bad Faith
[ ] Fraud
[ ] Intentional Tort
[ ] Loss of Consortium
[ ] Malpractice - Legal
[ ] Malpractice - Medical
[ ] Mass Tort
[X] Negligence - General
[ ] Negligence - Motor Vehicle
[ ] Premises Liability
[ ] Product Liability
[ ] Subrogation
[ ] Wrongful Death
[ ] Other

IN THE CIRCUIT COURT OF HARRISON COUNTY, MISSISSIPPI
FIRST JUDICIAL DISTRICT

TAMMY R. McMASTER                                                    PLAINTIFF

VS.                                           CAUSE NO: A2401-2020-532

SAM'S EAST, INC.                                                    DEFENDANT

## SUMMONS

THE STATE OF MISSISSIPPI

TO:   Sam's East, Inc.
      By and through its Registered Agent for Service of Process
      C.T. Corporation System
      645 Lakeland Drive, Ste 101
      Flowood, MS 39232
      Or wherever they may be found

## NOTICE TO DEFENDANT

THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT
AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS.

You are required to mail or hand-deliver a copy of a written response to the
Complaint to M. Scott Bishop, Esquire, the attorney for the Plaintiff, whose address is
1712 15th Street, Suite 300, Gulfport, MS, 39501.

Your response must be mailed or delivered within thirty (30) days from the date
of delivery of this Summons and Complaint or a judgment by default will be entered
against you for the money or other things demanded in the complaint.

You must file the original of your response with the Clerk of this Court within a
reasonable time afterward.

Issued under my hand and the seal of said Court, this 23 day of December, 2020.

CIRCUIT CLERK OF HARRISON COUNTY

CONNIE LADNER, CIRCUIT CLERK           BY: _Cody_____ D.C.
HARRISON COUNTY
PO BOX 998
GULFPORT, MS 39502

4

## IN THE CIRCUIT COURT OF HARRISON COUNTY, MISSISSIPPI
## FIRST JUDICIAL DISTRICT

TAMMY R. McMASTER                                                    PLAINTIFF

VS.                                          CAUSE NO: A2401-2020-532

SAM'S EAST, INC.                                                     DEFENDANT

## SUMMONS

THE STATE OF MISSISSIPPI

TO:   Sam's East, Inc.
      **By and through its Registered Agent for Service of Process**
      **C.T. Corporation System**
      **645 Lakeland Drive, Ste 101**
      **Flowood, MS 39232**
      **Or wherever they may be found**

## NOTICE TO DEFENDANT

THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT
AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS.

You are required to mail or hand-deliver a copy of a written response to the
Complaint to M. Scott Bishop, Esquire, the attorney for the Plaintiff, whose address is
1712 15th Street, Suite 300, Gulfport, MS, 39501.

Your response must be mailed or delivered within thirty (30) days from the date
of delivery of this Summons and Complaint or a judgment by default will be entered
against you for the money or other things demanded in the complaint.

You must file the original of your response with the Clerk of this Court within a
reasonable time afterward.

Issued under my hand and the seal of said Court, this 23 day of December, 2020.

CIRCUIT CLERK OF HARRISON COUNTY

BY: _____

CONNIE LADNER, CIRCUIT CLERK
HARRISON COUNTY
PO BOX 998
GULFPORT, MS 39502

McMaster v. Sam's East, Inc.

## RETURN

Sam's East, Inc.
By and through its Registered Agent for Service of Process
C.T. Corporation System
645 Lakeland Drive, Ste 101
Flowood, MS 39232

I, the Undersigned process server, served the summons, complaint and discovery upon the person or entity named above in the manner set forth below (process server must check proper space and provide all additional information that is requested and pertinent to the mode of service used):

(  ) FIRST CLASS MAIL AND ACKNOWLEDGMENT SERVICE. By mailing (by first class mail, postage prepaid), on the date stated in the attached Notice, copies to the person served, together with copies of the form of notice and acknowledgment and return envelope, postage prepaid, addressed to the sender.

(X) PERSONAL SERVICE. I personally delivered copies of the summons, complaint and discovery on the _16_ day of _MARch_, 202_0_, to: _Matt Thibodeaux / CT Corp in Location Co 1545 Hrs_

(  ) RESIDENCE SERVICE. After exercising reasonable diligence I was unable to deliver copies to said person within _____ county, Mississippi. I served the summons, complaint and discovery on the ___ day of _____, 2020, at the usual place of abode of said person by leaving a true copy of the summons, complaint and discovery with who is the _____ (insert wife, husband, son, daughter or other person as the case may be), a member of the family of the person served above the age of sixteen years, and willing to receive the summons, complaint and discovery and thereafter, on the _____ day of _____, 2018.  I mailed (by first class mail, postage prepaid) copies to the person served at his or her usual place of abode where the copies were left.

(  ) CERTIFIED MAIL SERVICE.  By mailing to an address outside Mississippi (by first class mail, postage prepaid, requiring a return receipt) copies to the person served. (Attach signed return receipt or other evidence of actual delivery to the person served).

At the time of service I was at least 18 years of age and not a party to this action.

Fee for service: $_____

Name: _Jimmy K Taylor_
Address: _PO Box 720626 / Jxn   MS   39272_
Soc. Sec. No.: _____     Telephone No.: _601.613.0242_

State of Mississippi

County of _Hinds_

     Personally appeared before me the undersigned authority in and for the state and county aforesaid, the within named _Jimmy K Taylor_ who being first by me duly sworn states on oath that the matters and facts set for in the foregoing "Proof of Service-Summons" are true and correct as therein stated.

_____
Process Server

     Sworn to and subscribed before me on this the _17_ day of _MArch_, ~~2018.~~ 2021

_____
Notary Public

(Seal) My commission Expires:

_____

IN THE CIRCUIT COURT OF HARRISON COUNTY, MISSISSIPPI
FIRST JUDICIAL DISTRICT

TAMMY R. McMASTER                                                    PLAINTIFF

VS.                                                    CAUSE NO: A2401-2020-532

SAM'S EAST, INC.                                                    DEFENDANT

## NOTICE OF SERVICE OF DISCOVERY

NOTICE IS HEREBY GIVEN, that the Plaintiff, Tammy R. McMaster, by
and through undersigned counsel, has, on this date, served the following Discovery
items to Defendant, Sam's East, Inc.:

> Plaintiff's First Set of Request for Admissions Propounded to Defendant,
> Sam's East, Inc
>
> Plaintiff's First Set of Interrogatories Propounded to Defendant,
> Sam's East, Inc
>
> Plaintiff's First Set of Request for Production of Documents Propounded to
> Defendant, Sam's East, Inc

THIS the 26th day of March, 2021.

  /s./ M. Scott Bishop
M. SCOTT BISHOP (MSB # 102699)
MORRIS BART, LTD.
1712 15th Street, Suite 300
Gulfport, MS 39501
Telephone: (228) 276-0307
Fax:   (866) 354-9707
SBishop@morrisbart.com

**IN THE CIRCUIT COURT OF HARRISON COUNTY, MISSISSIPPI**
**FIRST JUDICIAL DISTRICT**

TAMMY R. MCMASTER,                              *
                                               *
          Plaintiff,                           *
                                               *
vs.                                            *          CASE NO. 24CI1:20-CV-00532
                                               *
SAM'S EAST, INC.                               *
                                               *
          Defendants.                          *

**ANSWER**

COMES NOW the Defendant, Sam's East, Inc., ("Sam's") and files this its Answer with each numbered paragraph corresponding to each numbered paragraph in Plaintiff's Complaint as follows:

1.

Sam's is without knowledge and information sufficient to form a belief as to Plaintiff's age or residency, but at this time, admits the same.

2.

Sam's East, Inc., admits it is a foreign corporation authorized to do business in Mississippi and may be served via its registered agent.  To the extent this paragraph asserts or implies allegations against Sam's the same are denied.

3.

Sam's admits, at the present time, that venue is proper in this Court. Sam's denies Plaintiff is entitled to any recovery in this matter.

4.

Sam's admits that on May 23, 2020, Plaintiff, Tammy McMaster, was present on its premises in Gulfport, Mississippi, and was involved in an incident. Sam's is without knowledge and information sufficient to form a belief as to the allegations concerning the purpose for Plaintiff's presence on its premises or her status as a "business invitee" and, therefore, must deny the same and demand strict proof thereof.  Sam's denies the remaining allegations contained in this paragraph and demands strict proof thereof.

5.

Sam's admits that Plaintiff was involved in an incident while she was present on its premises but is without knowledge and information sufficient to form a belief as to the allegations concerning the details of how the incident occurred, or the allegations concerning Plaintiff's medical condition, alleged injuries or alleged damages and, therefore, must deny the same and demand strict proof thereof.   Sam's denies the remaining allegations contained in this and demands strict proof thereof.

6.

Sam's denies its conduct was negligent and denies that its conduct was the proximate or contributing cause of this incident or Plaintiff's alleged injuries and/or damages and strict proof thereof is demanded.  Sam's denies all allegations contained in subparts a. through j and demands strict proof thereof. Sam's denies the remaining allegations contained in this paragraph and demands strict proof thereof.

7.

Sam's is without knowledge and information sufficient to form a belief as to the allegations concerning Plaintiff's medical condition, alleged injuries, or alleged damages and, therefore, must deny

the same and demand strict proof thereof.    Sam's denies the remaining allegations contained in this paragraph and demands strict proof thereof.

8.

Sam's is without knowledge and information sufficient to form a belief as to the allegations concerning Plaintiff's medical condition, alleged injuries, or alleged damages and, therefore, must deny the same and demand strict proof thereof.    Sam's denies the remaining allegations contained in this paragraph and demands strict proof thereof.

9.

Sam's admits Plaintiff is entitled to a trial by jury, and also requests same.

Sam's denies all allegations contained in the unnumbered paragraph following paragraph 9 beginning with WHEREFORE, and denies Plaintiff is entitled to any recovery in this matter and demands strict proof thereof.

## **AFFIRMATIVE DEFENSES**

1.     Defendant denies each and every material allegation of Plaintiff's Complaint not otherwise addressed and demands strict proof thereof.

2.     Plaintiff was guilty of negligence that caused or contributed to cause the injuries about which she complains.

3.     The alleged hazard about which Plaintiff complains was open and obvious thereby obviating a duty to warn and precluding Plaintiff from recovering damages under Mississippi law.

4.     Defendant did not have notice of the alleged hazard about which Plaintiff complains and, therefore, under Mississippi law, Defendant owed Plaintiff no duty to eliminate or warn of the alleged hazard.

5.      No act or omissions of this Defendant was the proximate cause of any injury to Plaintiff.

6.      Defendant owed Plaintiff no duty as alleged, the breach of which caused or contributed to the cause of the Plaintiff's injuries.

7.      Plaintiff's injuries and damages were the result of an intervening and/or superseding cause; therefore, Plaintiff should not recover from Defendant.

8.      Defendant respectfully demands credit for any and all monies paid to, or on behalf of, Plaintiff from any and all collateral sources.

9.      Plaintiff, in whole or in part, failed to mitigate her alleged damages, and therefore is precluded from recovery.

10.      Plaintiff's alleged damages are the result of a condition and/or injury which predates the incident made the basis of her Complaint and having no causal relationship with this defendant.

11.      Defendant reserves the right to add and/or supplement these affirmative defenses as discovery in this matter has not yet begun.

**DEFENDANT DEMANDS TRIAL BY STRUCK JURY**

Dated April 15, 2021

/s/ W. Pemble DeLashmet
W. PEMBLE DELASHMET (MS 8840)
wpd@delmar-law.com
CHAD C. MARCHAND (MS 102752)
ccm@delmar-law.com
MIGNON M. DELASHMET (MS 2896)
mmd@delmar-law.com
Attorneys for Defendant Sam's East, Inc.

OF COUNSEL:

DELASHMET & MARCHAND, P.C.
Post Office Box 2047
Mobile, AL  36652
Telephone:      (251) 433-1577
Facsimile:      (251) 433-1578

### CERTIFICATE OF SERVICE

    I hereby certify that I have on this day April 15, 2021 served a copy of the foregoing pleading upon counsel as listed via the electronic filing system:

M. Scott Bishop
Morris Bart, LTD
1712 15th Street, Suite 300
Gulfport, MS  39501


            /s/ W. Pemble DeLashmet
            OF COUNSEL

**IN THE CIRCUIT COURT OF HARRISON COUNTY, MISSISSIPPI**
**FIRST JUDICIAL DISTRICT**

TAMMY R. MCMASTER,                      *
                                        *
    Plaintiff,                          *
                                        *
vs.                                     *        CASE NO. 24CI1:20-CV-00532
                                        *
SAM'S EAST, INC.                        *
                                        *
    Defendants.                         *

## <u>NOTICE OF SERVICE OF DISCOVERY</u>

    Defendant SAM'S EAST, INC. ("Sam's") has served Plaintiff with the following

discovery materials via email:

1. Sam's First Set of Interrogatories and Requests for Production of Documents to
   Plaintiff, and

2. Sam's Requests for Admissions and Second Interrogatories and Requests for
   Production to Plaintiff.

  /s/  W. Pemble DeLashmet
W. PEMBLE DELASHMET (MS 8840)
wpd@delmar-law.com
CHAD C. MARCHAND (MS 102752)
ccm@delmar-law.com
MIGNON M. DELASHMET  (MS 2896)
mmd@delmar-law.com
Attorneys for Defendant Sam's East, Inc

OF COUNSEL:

DELASHMET & MARCHAND, P.C.
Post Office Box 2047
Mobile, AL  36652
Telephone:    (251) 433-1577
Facsimile:    (251) 433-1578

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that I have on this day April 15, 2021 served a copy of the foregoing notice upon counsel as listed below via the electronic filing system:

M. Scott Bishop
Morris Bart, LTD
1712 15th Street, Suite 300
Gulfport, MS  39501

<u>/s/  W. Pemble DeLashmet</u>
OF COUNSEL

2

**IN THE CIRCUIT COURT OF HARRISON COUNTY, MISSISSIPPI**
**FIRST JUDICIAL DISTRICT**

TAMMY R. MCMASTER,                           *
                                             *
            Plaintiff,                       *
                                             *
vs.                                          *        CASE NO. 24CI1:20-CV-00532
                                             *
SAM'S EAST, INC.                             *
                                             *
                                             *
                                             *
            Defendants.                      *


**SAM'S FIRST SET OF INTERROGATORIES AND REQUESTS FOR**
**PRODUCTION OF DOCUMENTS TO PLAINTIFF**

Defendant Sam's East, Inc., ("Sam's"), propounds the following interrogatories and requests for production upon Plaintiff to be responded to within thirty (30) days in accordance with the Mississippi Rules of Civil Procedure.

In answering these interrogatories, you are required to furnish all information available to you, including information in the possession of your attorney or any person acting on your or his behalf, and not merely such information as is known of your own personal knowledge.  If you cannot answer any particular interrogatory or interrogatories in full, after exercising due diligence to secure the information sought, so state and answer to the extent possible, specifying your inability to answer the remainder.

You are reminded that, under the provisions of Rule 26(e) of the Mississippi Rules of Civil Procedure, you are under a duty to seasonably supplement your responses with respect to any question directly addressed to (a) the identity and location of persons having knowledge of discoverable matters, and (b) the identity of each person expected to be called as an expert witness at trial, the subject matter on which the expert witness is expected to testify, and the substance of the witness's testimony.

You are under a duty to seasonably amend a prior response if you obtain information upon the basis of which (a) you know that the response was incorrect when made, or (b) you know that the response, though correct when made, is no longer true and the circumstances are such that a failure to amend the response is in substance a knowing concealment.

## DEFINITIONS

Unless otherwise indicated, the following definitions shall be applicable to these interrogatories:

"You" or "your" shall mean Plaintiff Tammy McMaster, her attorneys, employees, officers, directors, agents, or representatives and all other persons acting on their behalf.

"Person" shall mean any individual, partnership, firm, association, corporation or other business, governmental or legal entity.

"Address" shall mean the street number, street, city and state of subject person, business or other entity.

"Identify" or "identification," when used with reference to a document, shall mean to state its date, author or signer, his address, type of document and all other means of identifying it, and its present or last known location or custodian; if any document was but is no longer in your possession, custody or control, to state what disposition was made of it and the reason for its disposition.

"Document" shall mean any printed, typewritten, handwritten, photographic, taped, videotaped or otherwise recorded matter of whatever character, including, but not limited to, records, business records, telexes, logs, bulletins, publications, books, notices, booklets, pamphlets, charts, diagrams, bills, receipts, invoices, checks, accounting records, written reports, communications of any nature, interviews, records of any nature, contracts, bills of sale, letters, purchase orders, studies, tests, inspections, evaluations, manuals, rules, standards, regulations, policies, guidelines, warnings,

instructions, memoranda, correspondence, notebooks, telegrams, notes, catalogues, diaries, calendars, office communications, reports, statements, brochures, announcements, photographs, videotapes, transcripts of telephone conversations, meetings and interviews, electronic data, computer programs and data files, and photographic or other copies of any such material if plaintiff does not have custody or control of the original. The mention of any specific documents in any of the below stated requests shall not be interpreted to limit in any way the above stated broad, all-inclusive definition of the term document. Also, if any document requested to be produced was, but is no longer, in your possession or control or is no longer in existence, state whether it is: (a) missing or lost, (b) destroyed, (c) transferred voluntarily or involuntarily to others and if so, to whom or (d) otherwise disposed of; and in each instance explain the circumstances surrounding and the authorization for such disposition thereof and state the approximate date thereof. Also, you are required to produce not only those documents in your custody, but also those documents in your attorney's custody or control and/or which can be obtained by you.

As regarding each document (or other physical or tangible evidence) withheld on the basis of any privilege (including the attorney-client privilege or the work product doctrine), please provide sufficient information to allow proof or a challenge of the privilege (this information should include a description of the document, its date and the identity of its author and others who have seen it, the purpose for which it was created, and the degree of confidentiality with which it is to be treated).

## **INTERROGATORIES**

1.     Please identify yourself fully, stating your full legal name and/or any other names you have ever used at any time, age, date of birth, social security number, driver's license number and state of issuance, and residence address.

RESPONSE:

2.      For each and every job or position of employment, including self-employment, which you held from 2010 until the date of your answering these interrogatories, list each such job and position and, for each, state the employer's name and address, the beginning and ending dates of employment, the job or position held, your duties, the name of your immediate supervisor, how you were compensated, your hourly wages or weekly salary, and your average gross yearly earnings.

RESPONSE:

3.      If you, or anyone acting on your behalf, have made any claim of any kind or type for physical or mental injury or disability against or with any individual or corporation and/or with a municipal, state or federal government entity within the last fifteen (15) years, including but not limited to any claim arising from the incident in question, number and list each such claim and state the date on which each claim was made, the person or organization to or against whom the claim was made, the factual basis for the claim being made, the court of commission (if any) before which the claim was pending or was determined, and the result of the claim having been made.

RESPONSE:

4.      State in complete and specific details how the incident that formed the basis for your Complaint in this matter occurred, including but not limited to, all locations where the pertinent event(s) took place and the actions of any and all persons involved or in the area.

RESPONSE:

5.      If you contend that Sam's and/or any of its employees, agents and/or representatives violated any laws, statutes, regulations, or standards of any type, with respect to the accident that is the subject of your Complaint, please state in detail each and every fact on which you base your contention.

RESPONSE:

6.      If you or anyone else contends, believes, or may testify that at any time Sam's and/or any of its employees, agents, or representatives made any statement (oral or written), admission (tacit or otherwise), or comment pertaining to the incident in question, including its cause, state the exact words of any such statement, admission, or comment; how it was made; the circumstances under which it was made; the date and time on which it was made; the person or persons to whom it was made; and the response, if any, to it by any other person or party.

RESPONSE:

7.      Describe in detail each and every fact (not allegation) upon which you base your claim that Sam's acted negligently as alleged in your Complaint and identify by name, address, and telephone number any and all individuals having any knowledge thereof.

RESPONSE:

8.      Describe in detail each and every fact (not allegation) upon which you base your claim that Sam's knew, or should have known, of the hazardous condition you contend was the proximate cause of this incident as alleged in your Complaint. Include in your response a description of the hazardous condition, the source of the condition, and how long it existed prior to your accident, and identify by name, address, and telephone number any and all individuals having any knowledge thereof.

RESPONSE:

9.      Describe in detail each and every fact (not allegation) upon which you base your contention that you are entitled to damages against Sam's as alleged in your Complaint.

RESPONSE:

10.     If anyone has conducted any sort of investigation, including interviews, into this matter on your behalf, please identify the person(s) conducting the investigation as well as any and all persons

contacted by such investigators, and please state what each of the person(s) contacted contributed to any such investigation and/or interview as well as whether a written report was prepared of each such investigation and custodian of any such report.

RESPONSE:

11.    Please identify by name, address, and telephone number any and all individuals having any knowledge of the incident made the basis of this lawsuit or the damages claimed in this lawsuit, and for each such individual, please state the substance and source of their knowledge.

RESPONSE:

12.    If you intend to call any expert witnesses in this case, please identify in accordance with Mississippi Rule of Civil Procedure 26 each such expert witness by name, residence address, name of employer, employment address, education, and practical experience; state the subject matter on which each expert witness is expected to testify; state the substance of the facts and opinions to which the expert is expected to testify; give a summary of the grounds for each opinion of each expert; and attach a copy of his or her Curriculum Vitae or other written form of credentials.

RESPONSE:

13.    For each expert identified in Interrogatory 12 above, identify each case in which he or she has been retained within the last 10 years (2010-present), including the full name of the case, the case number, the court in which the case was or is pending, the total amount paid for his or her services, and whether he or she was retained on behalf of a plaintiff, defendant, or insurance company.  For cases in which each expert was identified as a testifying expert, please also provide a summary of the opinions offered.

RESPONSE:

14.     If you are claiming to have suffered mental and/or emotional injuries as a result of the incident made the basis of this lawsuit, please state the nature of each of those individual injuries and what you believe to be the cause of each of them.

RESPONSE:

15.     If you have received any treatment or medical advice or have been examined with respect to the injuries allegedly suffered as a result of the events alleged in your Complaint, please state the name and address of each and every hospital, doctor, or health care provider's office at or by which you were treated or examined.

RESPONSE:

16.     List and describe each and every daily activity which you contend you have been unable to perform since the incident made the basis of your Complaint.

RESPONSE:

17.     Identify all physical or mental conditions, injuries, or ailments of any type or nature suffered by you within the last fifteen (15) years.  Include in your response the description of each injury, condition, or ailment for which you were treated and the dates of said treatment as well as the name, address, and telephone number of any and all health care providers, hospitals, clinics, and/or physicians who treated you for any condition.

RESPONSE:

18.     If you consider yourself to be disabled at the present time and unable to perform the usual duties in the job classification in which you were engaged at the time of your alleged injury, or unable to perform the usual duties of any position in any occupation with respect to which you consider yourself to be either wholly or partially qualified, please give a detailed description of the duties you are incapable of performing and why.

RESPONSE:

19.     Referring to the prayer for relief in your Complaint in which you demand judgment against the Defendant for compensatory damages, please state the following:

(a)     How and in what respects you have been damaged;

(b)     The period of time during which such damages allegedly were suffered;

(c)     An itemization of the damages claimed;

(d)     The method by which your answer to (c) was computed, in detail; and

(e)     An itemization of any other damages you may claim.

RESPONSE:

20.     If you are claiming lost wages of income or reduction in earning capacity as a result of the incident in this case, state the total amount of such loss and method of computation, the date you were or will be unable to work, the manner of and reason for any post-incident change in your employment, and your total yearly earnings for each of the previous five years.

RESPONSE:

21.     If at the time of the accident referred to in the Complaint, there was in existence or you were in any way covered by hospitalization or medical insurance, please state the name of the insurance carrier.  Further, please state the amount paid by said insurance alleged to have been received pursuant to the accident referred to in the Complaint and whether said insurance carrier is subrogated to any part of your claim against this Defendant.

RESPONSE:

22.     Please identify by name, address, and telephone number any and all individuals that you intend to call as witnesses at the trial of this matter.

RESPONSE:

23.      Please provide an itemization of each expense necessarily incurred by you for doctors' and medical bills as a result of the subject incident which you have paid or are obligated to pay and which you intend on requesting as damages at trial. (NOTE:  This request is not seeking reference to medical bills or medical records, but instead is requesting Plaintiff's understanding as to each medical expense relating to his claim in this case for which he is responsible to pay.)

RESPONSE:

24.      Please provide an itemization of each expense necessarily incurred by you other than for doctors' and medical bills as a result of the subject incident which you have paid or are obligated to pay and which you intend on requesting as damages at trial.  (NOTE: This request is not seeking reference to any documents, but instead is requesting Plaintiff's understanding as to each expense he incurred relating to his claim in this case.)

RESPONSE:

25.      Please describe in detail each and every injury which you are claiming occurred as a result of the accident that is the subject of this case and whether the claimed injury is alleged to have been initially caused by the subject incident or is alleged to be an aggravation. (NOTE: This request is not seeking reference to medical records or doctor testimony but instead is requesting Plaintiff's understanding as to each injury or condition that she related to the accident that is the subject of this case.)

RESPONSE:

26.      If you are presently or have ever been a witness or a party, either plaintiff or defendant, in a lawsuit other than the present matter, state whether you were a witness, Plaintiff or Defendant, the nature of that action, and the date and court in which such suit was filed.

RESPONSE:

27.     Specify each and every item of special damages for which you do or may seek compensation or other recovery in this action and state the total amount of which you claim for each item.

RESPONSE:

28.     Please provide a detailed account of your educational history, including the names and locations of all secondary, collegiate and/or vocational schools you attended, including the dates of attendance at each.

RESPONSE:

29.     Please list your email address(es), screen name(s) and other electronic identities you have used in the past five years.

RESPONSE:

30.     Please identify your username for the following social media websites: Facebook, Twitter, Instagram, LinkedIn, and MySpace.

RESPONSE:

## REQUESTS FOR PRODUCTION

Please produce for inspection and copying the following documents or things:

1.     Provide a copy of each and every document you relied upon in answering the above interrogatories.

RESPONSE:

2.      Provide any photographs or videotapes which relate in any fashion to this lawsuit, identifying the dates on which said photographs were taken or videotapes recorded, and the photographer or videographer of each.

RESPONSE:

3.      Produce true, complete, and correct copies of all medical bills and/or records, hospital bills and/or records, ambulance bills and/or records, drug bills and/or records, doctor bills and/or records, x-ray bills and/or records, and any and every other document which relate in any way to damages allegedly resulting from the incident referred to in the Complaint.

RESPONSE:

4.      Produce any and all documents, whether written or otherwise, identified in your interrogatory responses above, and as to each such item, please state the number of the interrogatory response with which it is associated.

RESPONSE:

5.      Produce all documents, tangible evidence, and photographs which the Plaintiff and her attorneys intend to use, refer to, or offer as evidence at the trial of this matter.

RESPONSE:

6.      Produce any and all medical records of the plaintiff made or generated by any physician and/or health care provider within the last fifteen (15) years.

RESPONSE:

7.      Produce any and all documents which you contend support your allegations of the damages alleged in your Complaint.

RESPONSE:

8.       Produce any and all documents which you contend support your allegations that Sam's or any of its agents, employees, or representatives violated any laws, statutes, regulations, or standards, of any type, with respect to the incident that is the subject of your Complaint.

RESPONSE:

9.       Produce any and all documents which contain or evidence any statements (oral or written), admissions (tacit or otherwise), or comments made by any agent, employee, or representative of Sam's pertaining to the incident in question.

RESPONSE:

10.       Produce any and all documents that you believe support your claim that Sam's was negligent or grossly negligent as alleged in your Complaint.

RESPONSE:

11.       Produce any and all documents that you believe support your claim that Sam's knew, or should have known, of the hazardous condition you allege caused this incident.

RESPONSE:

12.       Produce any and all documents that you believe support your allegation that you suffered and continue to suffer physical injuries as a result of the incident made basis of this lawsuit.

RESPONSE:

13.       Produce any and all documents that you believe support your allegation that you suffered a permanent injury as a result of the incident made basis of this lawsuit.

RESPONSE:

14.     Produce any and all documents that you believe support your allegation that you suffered and continue to suffer severe emotional distress and mental anguish as a result of the incident made basis of this lawsuit.

RESPONSE:

15.     Please provide any and all documents that you believe support each expense necessarily incurred by you for doctors' and medical bills as a result of the subject incident that you have paid or are obligated to pay and which you intend on requesting as damages at trial.

RESPONSE:

16.     Please provide any and all documents that you believe supports each expense necessarily incurred by you other than for doctors' and medical bills as a result of the subject incident which you have paid or are obligated to pay and which you intend on requesting as damages at trial.

RESPONSE:

17.     Please provide any and all documents that you believe support each and every injury which you are claiming occurred as a result of the accident that is the subject of this case and indicate whether the claimed injury is alleged to have been initially caused by the subject incident or is alleged to be an aggravation.

RESPONSE:

18.     If at the time of the accident referred to in the Complaint there was in existence or you were in any way covered by hospitalization or medical insurance, please provide a copy of any and all documents evidencing any amount paid by said insurance alleged to have been received pursuant to the accident referred to in the Complaint and any and all documents evidencing whether said insurance carrier is subrogated to any part of your claim against this Defendant.

RESPONSE:

19.     If you are claiming lost wages as a result of the incident alleged in your Complaint, please provide your federal and state tax returns for the years  2014, 2015, 2016, 2017, 2018, 2019, and 2020.

RESPONSE:

20.     Produce any and all documents in Plaintiff's possession which contain and/or refer to Sam's policies and procedures.

RESPONSE:

21.     For each expert identified in response to Interrogatory 12, above, please produce a copy of the expert's complete file, including but not limited to the following:

   (a)     a complete and current Curriculum Vitae;
   (b)     all correspondence, papers, published articles, reports, expert reports, depositions, statements, or other documents or materials which have been prepared or reviewed by the expert and/or which have been provided to the expert in connection with this case and/or which the expert has relied upon in formulating his opinions in this case;
   (c)     all literature, papers, articles, reports, research, or other documents which were written or prepared wholly or partially by the expert which in any way refer or pertain to the subject matter of this case;
   (d)     any and all reports, letters, notes, memoranda, or other writings or recorded conversations, whether by telephone or in person, pertaining in any way to this case which have been furnished by the expert to the plaintiff;
   (e)     any and all written reports prepared by the expert relating to this case; and
   (f)     any and all published monographs, treatises, manuals, textbooks, or other documents used as a reference by the expert in connection with this case.

RESPONSE:

22.     For each case identified in response to Interrogatory 13, above, in which an expert identified in response to Interrogatory 13, above, has testified, whether by deposition or in court, produce copies of the following:

> (a)     the expert's testimony, whether by deposition or in court;
> (b)     any and all written reports prepared by the expert relating to each case; and
> (c)     all notes, records, bills, or other documents indicating the time the expert spent working on each case and his or her charges therefor.

RESPONSE:

23.     Please provide a copy of your "Facebook data" archive.  While logged into Facebook, direct your web browser to https://www.facebook.com/settings, select "Download a copy of your Facebook data," then select "Start My Archive," enter your password when prompted and select "Submit," and provide the downloaded information.

RESPONSE

Dated April 15, 2021.


/s/ W. Pemble DeLashmet
W. PEMBLE DELASHMET (MS 8840)
wpd@delmar-law.com
CHAD C. MARCHAND (MS 102752)
ccm@delmar-law.com
MIGNON M. DELASHMET  (MS 2896)
mmd@delmar-law.com
Attorneys for Defendant Sam's East, Inc.


OF COUNSEL:

DELASHMET & MARCHAND, P.C.
Post Office Box 2047
Mobile, AL  36652
Telephone:     (251) 433-1577
Facsimile:     (251) 433-1578

## CERTIFICATE OF SERVICE

I hereby certify that I have on this day April 15, 2021 served a copy of the foregoing discovery upon counsel as listed below by depositing the same in the U. S. Mail, postage prepaid and properly addressed and/or via email.


M. Scott Bishop
Morris Bart, LTD
1712 15th Street, Suite 300
Gulfport, MS  39501


/s/ W. Pemble DeLashmet
OF COUNSEL

## IN THE CIRCUIT COURT OF HARRISON COUNTY, MISSISSIPPI
## FIRST JUDICIAL DISTRICT

TAMMY R. MCMASTER,                    *
                                      *
    Plaintiff,                   *
                                      *
vs.                                   *        CASE NO. 24CI1:20-CV-00532
                                      *
SAM'S EAST, INC.                      *
                                      *
                                      *
                                      *
    Defendants.                  *

## SAM'S REQUESTS FOR ADMISSIONS AND SECOND INTERROGATORIES AND REQUESTS FOR PRODUCTION TO PLAINTIFF

Defendant Sam's East, Inc., ("Sam's"), pursuant to Mississippi Rules of Civil Procedure 34, and 36, propounds the following discovery requests to Plaintiff to be answered within thirty (30) days.

### DEFINITIONS

Unless otherwise indicated, the following definitions shall be applicable to these interrogatories:

"You" or "your" shall mean Plaintiff, Tammy McMaster, and her attorneys, employees, officers, directors, agents, or representatives and all other persons acting on their behalf.

"Person" shall mean any individual, partnership, firm, association, corporation or other business, governmental or legal entity.

"Address" shall mean the street number, street, city and state of subject person, business or other entity.

"Identify" or "identification," when used with reference to a document, shall mean to state its date, author or signer, his address, type of document and all other means of identifying it, and its present or last known location or custodian; if any document was but is no longer in your possession, custody or control, to state what disposition was made of it and the reason for its disposition.

"Document" shall mean any printed, typewritten, handwritten, photographic, taped, videotaped or otherwise recorded matter of whatever character, including, but not limited to, records, business records, telexes, logs, bulletins, publications, books, notices, booklets, pamphlets, charts, diagrams, bills, receipts, invoices, checks, accounting records, written reports, communications of any nature, interviews, records of any nature, contracts, bills of sale, letters, purchase orders, studies, tests, inspections, evaluations, manuals, rules, standards, regulations, policies, guidelines, warnings, instructions, memoranda, correspondence, notebooks, telegrams, notes, catalogues, diaries, calendars, office communications, reports, statements, brochures, announcements, photographs, videotapes, transcripts of telephone conversations, meetings and interviews, electronic data, computer programs and data files, and photographic or other copies of any such material if plaintiffs does not have custody or control of the original. The mention of any specific documents in any of the below stated requests shall not be interpreted to limit in any way the above stated broad, all inclusive definition of the term document. Also, if any document requested to be produced was, but is no longer, in your possession or control or is no longer in existence, state whether it is: (a) missing or lost, (b) destroyed, (c) transferred voluntarily or involuntarily to others and if so, to whom or (d) otherwise disposed of; and in each instance explain the circumstances surrounding and the authorization for such disposition thereof and state the approximate date thereof. Also, you are required to produce not only those documents in your custody, but also those documents in your attorney's custody or control and/or which can be obtained by you.

As regarding each document (or other physical or tangible evidence) withheld on the basis of any privilege (including the attorney-client privilege or the work product doctrine), please provide sufficient information to allow proof or a challenge of the privilege (this information should include a description of the document, its date and the identity of its author and others who have seen it, the purpose for which it was created, and the degree of confidentiality with which it is to be treated).

## <u>REQUESTS FOR ADMISSION</u>

1.      The damages alleged in your Complaint do not exceed $75,000.00.

**RESPONSE:**

2.      The amount in controversy in this matter does not exceed the sum of $75,000.00, exclusive of interest and costs.

**RESPONSE:**

3.      This case does not satisfy the "amount in controversy" requirements of 28 U.S.C. §1332.

**RESPONSE:**

4.      You are not seeking an award of more than $75,000.00 to satisfy all of the claims stated in your Complaint.

**RESPONSE:**

5.      You will not accept more than $75,000.00 in compensatory and punitive damages.

**RESPONSE:**

6.      There is no evidence which supports an award of damages in this case exceeding $75,000.00, including compensatory and punitive damages.

**RESPONSE:**

7.     The proper measure of damages, if any, does not exceed $75,000.00 inclusive of all claims for compensatory and punitive damages.

**RESPONSE:**

8.     Neither you nor your attorney will ask a Judge or jury to return a verdict for more than $75,000.00 in the event of a trial of this matter.

**RESPONSE:**

9.     Any verdict or judgment in excess of $75,000.00 in this matter would be excessive as a matter of law.

**RESPONSE:**

10.     If a Judge or jury returns a verdict in excess of $75,000.00, you will agree to a remittitur equal to or less than $75,000.00.

**RESPONSE:**

11.     Even if new or additional facts, information, or law are discovered with respect to the damages available in the case, you agree not to seek, ask for, claim or accept damages exceeding $75,000.00, including compensatory and punitive damages.

**RESPONSE:**

12.     Admit you do not know the identity of the individual who created the alleged dangerous condition identified in paragraph 5 of your Complaint.

**RESPONSE:**

13.     Admit you have no proof of how long the alleged dangerous condition (identified in paragraph 5 of your Complaint) had existed prior to your incident.

**RESPONSE:**

14.     Admit you have no proof that Sam's had actual knowledge of the alleged dangerous condition (identified in paragraph 5 of your Complaint) prior to your incident.

**RESPONSE:**

15.     Admit you do not know when the dangerous condition (identified in paragraph 5 of your Complaint) was created.

**RESPONSE:**

## <u>SECOND INTERROGATORIES</u>

31.     If you denied in whole or in part requests for admission nos. 12, 13, 14, or 15, please state the following facts: the identity of the individual who created the alleged dangerous condition identified in paragraph 5 of your Complaint; state all facts proving how long the alleged dangerous condition (identified in paragraph 5 of your Complaint) had existed prior to your incident;  state all facts proving that Sam's had actual knowledge of the alleged dangerous condition (identified in paragraph 5 of your Complaint) prior to your incident; and state all facts proving when the dangerous condition (identified in paragraph 5 of your Complaint) was created.

<u>RESPONSE</u>:

## SECOND REQUESTS FOR PRODUCTION

24.     If your response to any of the foregoing requests for admissions is anything other than an unqualified admission, as to each separate response, please produce the following:

      a.     All documents upon which you rely in refusing to admit said response;

      b.     All documents which identify all witnesses who have any knowledge of the facts and/or circumstances upon which you rely in refusing to admit said response;

      c.     All documents which in any way refer to the subject matter of the requests for admission.

**RESPONSE:**

25.     Please produce each and every document in your possession which supports an award of damages in this matter in excess of $75,000.00.

**RESPONSE:**

26.     Please produce each and every document in your possession which supports your claim for damages against this Defendant.

**RESPONSE:**

27.     Please produce each and every document in your possession which supports any claim that the amount in controversy in this matter exceeds the sum of $75,000.00.

**RESPONSE:**

28.     Please produce each and every document in your possession which supports your allegations in the Complaint that Sam's had actual or constructive knowledge of the alleged hazardous condition you claim was the cause of the incident subject of this lawsuit.

**RESPONSE:**

Respectfully submitted on April 15, 2021.


/s/ W. Pemble DeLashmet
W. PEMBLE DELASHMET (MS 8840)
wpd@delmar-law.com
CHAD C. MARCHAND (MS 102752)
ccm@delmar-law.com
MIGNON M. DELASHMET  (MS 2896)
jd@delmar-law.com
Attorneys for Defendants Wal-Mart Stores East, LP


OF COUNSEL:

DELASHMET & MARCHAND, P.C.
Post Office Box 2047
Mobile, AL  36652
Telephone:     (251) 433-1577
Facsimile:      (251) 433-1578

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that I have on this day April 15, 2021 served a copy of the foregoing discovery upon counsel as listed below by depositing the same in the U. S. Mail, postage prepaid and properly addressed.

M. Scott Bishop
Morris Bart, LTD
1712 15th Street, Suite 300
Gulfport, MS  39501


/s/ W. Pemble DeLashmet
OF COUNSEL

**IN THE CIRCUIT COURT OF HARRISON COUNTY, MISSISSIPPI**
**FIRST JUDICIAL DISTRICT**

TAMMY R. McMASTER                           PLAINTIFF

VS.                                         CAUSE NO: A2401-2020-532

SAM'S EAST, INC.                            DEFENDANT

**NOTICE OF SERVICE**

    COMES NOW Defendant SAM'S EAST, INC. (Sam's), and gives notice to the Court that

the following has been served on Plaintiff:

    1.   Defendant's Response to Plaintiff's Requests for Admissions.


                                    */s/ W. Pemble DeLashmet*   
                                      W. PEMBLE DELASHMET 8840
                                      wpd@delmar-law.com
                                      CHAD C. MARCHAND 102752
                                      ccm@delmar-law.com
                                      MIGNON M. DELASHMET 2896
                                      mmd@delmar-law.com
                                      Attorneys for Defendant Sam's East, Inc.

OF COUNSEL:

DELASHMET & MARCHAND, P.C.
Post Office Box 2047
Mobile, AL  36652
Telephone:    (251) 433-1577
Facsimile:    (251) 433-1578


**CERTIFICATE OF SERVICE**

    I hereby certify that I have served a copy of the foregoing document by Notice of Electronic
Filing, or by U.S. First Class Mail, hand delivery, fax or email on this the 22nd day of April, 2021.

M. Scott Bishop
Morris Bart, LTD
1712 15th Street, Suite 300
Gulfport, MS 39501
EMAIL: SBISHOP@MORRISBART.COM

                                      */s/ W. Pemble DeLashmet*
                                      OF COUNSEL

### IN THE CIRCUIT COURT OF HARRISON COUNTY, MISSISSIPPI
### FIRST JUDICIAL DISTRICT

**TAMMY R. McMASTER**                                                              **PLAINTIFF**

**VS.**                                             **CAUSE NO: A2401-2020-532**

**SAM'S EAST, INC.**                                                              **DEFENDANT**

### NOTICE OF SERVICE OF  DISCOVERY

  NOTICE IS HEREBY GIVEN, that the Plaintiff, Tammy R. McMaster, by and through undersigned counsel, has, on this date, served the following Discovery items to Defendant, Sam's East, Inc.:

   Plaintiff's Responses to First Set of Requests for Admissions propounded by
    Defendant, Sam's East, Inc.

  **RESPECTFULLY SUBMITTED**, this 23rd day of April 2021.

      ATTORNEY FOR THE PLAINTIFF
      MORRIS BART, LTD.
      1712 15TH STREET, SUITE 300
      GULFPORT, MS
      TELEPHONE: (228) 276-0307

     BY:  /s./ M. Scott Bishop
      M. SCOTT BISHOP, MSB #102699

CERTIFICATE OF SERVICE

I hereby certify that I have on this, the 23rd day of April, 2021, served a copy

of the foregoing pleading upon counsel as listed below via electronic mail.

DELASHMET & MARCHAND, P.C.
W. PEMBLE DELASHMET MS 8840
wpd@delmar-law.com
CHAD C. MARCHAND MS 102752
ccm@delmar-law.com
MIGNON M. DELASHMET MS 2896
mmd@delmar-law.com
Post Office Box 2047
Mobile, AL  36652
Telephone:    (251) 433-1577
Facsimile:    (251) 433-1578


_____/s./ M. Scott Bishop_____
M. SCOTT BISHOP, MSB 102699

**IN THE CIRCUIT COURT OF HARRISON COUNTY, MISSISSIPPI**
**FIRST JUDICIAL DISTRICT**

TAMMY R. MCMASTER,                          *
                                            *
          Plaintiff,                        *
                                            *
vs.                                         *          CASE NO. 24CI1:20-CV-00532
                                            *
SAM'S EAST, INC.                            *
                                            *
          Defendants.                       *

TO:   CONNIE LADNER, Circuit Clerk
      HARRISON COUNTY-CIVIL DIVISION
      1801 23rd AVENUE
      GULFPORT, MS  39501

          There is hereby filed with you a copy of the Notice of Removal filed by Defendant Sam's East, Inc. ("Sam's") through undersigned counsel, in the case styled "Tammy McMaster, Plaintiff v. Sam's East, Inc." Civil Action No. 24CI1:20-CV-00532, and designed to remove that action to the United States District Court for the Southern District of Mississippi, Southern Division.  This Notice of Removal was sent for filing in the United States District Court for the Southern District of Mississippi, Southern Division, on 21st day of May, 2021.

          Written notice of the filing of said Notice of Removal was given to the attorneys of record for plaintiff herein by service via U.S. mail on 21st day of May, 2021, and you are hereby notified that the filing of a copy of the aforesaid Notice with you as Clerk of the Circuit Court of Harrison County, Mississippi, effects removal of said cause to the United States District Court for the Southern District of Mississippi, Southern Division.

          DATED this May 21, 2021.

*/s/ W. Pemble Delashmet*
W. PEMBLE DELASHMET (MS 8840)
wpd@delmar-law.com
CHAD C. MARCHAND (MS 102752)
ccm@delmar-law.com
MIGNON M. DELASHMET  (MS 2896)
mmd@delmar-law.com
Attorneys for Defendant Sam's East, Inc.

OF COUNSEL:

DELASHMET & MARCHAND, P.C.
Post Office Box 2047
Mobile, AL  36652

Tax ID 20-5457973
Telephone:      (251) 433-1577
Facsimile:      (251) 433-1578

## CERTIFICATE OF SERVICE

I hereby certify that I have on this day May 21, 2021 served a copy of the foregoing pleading upon counsel as listed below by depositing the same in the U. S. Mail, postage prepaid and properly addressed.

M. Scott Bishop
Morris Bart, LTD
1712 15th Street, Suite 300
Gulfport, MS  39501

*/s/ W. Pemble Delashmet*
OF COUNSEL